IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

ERIC SIMPSON,

        Plaintiff,

v.

NEWMAN, HESSE & ASSOCIATES, P.A.,

        Defendant.

Civ. No. 1:19-cv-00431-AA

**OPINION & ORDER**

---

AIKEN, District Judge.

This matter comes before the Court on Defendant's Motion to Dismiss, ECF No. 6. This matter is appropriate for resolution without oral argument. The Court concludes that Plaintiff has stated a claim under the FDCPA and Defendant's Motion is DENIED.

## LEGAL STANDARD

Where a plaintiff "fails to state a claim upon which relief can be granted," the court must dismiss the action. Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss under the federal pleading standards, the complaint must include a short and plain statement of the claim and "contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* The court is not required to accept legal conclusions, unsupported by

alleged facts, as true. *Id.* For the purposes of the motion to dismiss, the complaint is liberally construed in favor of the plaintiff and its allegations are taken as true. *Rosen v. Walters*, 719 F.2d 1422, 1424 (9th Cir. 1983).

## DISCUSSION

Plaintiff Eric Simpson brings this action against Defendant Newman, Hesse, and Associates under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.* The action stems from an unpaid debt for $100 in Kansas. The debt was the result of check returned for insufficient funds in 2004. This debt went to collection. Defendant, a debt collector, brought an action against Plaintiff in Kansas state court and a judgment was entered in Defendant's favor in 2005 for $411.[1] The debt has remained unpaid and has increased to over $1,500. In 2018, an order of garnishment was entered in Kansas state court and served on Plaintiff in Medford, Oregon, and Plaintiff's employer in Eagan, Minnesota. Plaintiff's employer then began garnishing Plaintiff's wages. All judicial debt collection actions have been undertaken in Kansas state court.

Plaintiff contends that Defendant's actions violate the venue provision of the FDCPA, which provides, in relevant part, that a debt collector may bring such a legal action on a debt against a consumer "only in the judicial district or similar legal entity—(A) in which such consumer signed the contract sued upon; or (B) in which such consumer resides at the commencement of the action." 15 U.S.C. § 1692i(a)(2). In this case, there is no dispute that Defendant's garnishment action was not brought in the jurisdiction where the contract was signed, as there is no contract, nor was it brought the jurisdiction in where Plaintiff resides.

---

[1] The original state court action on the debt was filed in Douglas County District Court in Kansas, as was the later writ of garnishment. Hesse Decl. ECF No. 7. It appears that Plaintiff was a resident of Kansas at the time of the original suit.

Defendant moves to dismiss this case on the grounds that a garnishment action is not a "legal action on a debt against a consumer," but that it is an action against the debtor's employer.[2] In *Fox v. Citicorp Credit Servs., Inc.*, 15 F.3d 1507 (9th Cir. 1994), the Ninth Circuit held that actions to enforce a previously-entered judgments, including writs of garnishment, fall within the scope of the § 1692i venue provision. *Id.* at 1515. The Ninth Circuit acknowledged that its decision was in tension with non-binding Federal Trade Commission commentary but concluded that both the plain language of the statute and the Congressional purpose underlying its enactment compelled the outcome. *Id.* at n.8. Implicit within that holding is that a writ of garnishment is a legal action on a debt against a consumer and not, as Defendant argues, an action against a third party. Although Defendant points to several out-of-circuit decisions and other persuasive authorities for the premise that writs of garnishment are not subject to the requirements of § 1692i, this Court is bound by the holding of *Fox*.

Indeed, this Court has previously confronted a similar issue in *Flores v. Quick Collect, Inc.*, Civ. No. 06-1564-AA, 2007 WL 2769003 (D. Or. Sept. 18, 2007). In *Flores*, the judgment-debtor was a resident of Yamhill County, Oregon, when the creditor sought a writ of garnishment in Multnomah County Circuit Court. *Id.* at *2-3. In a footnote, this Court observed "Common sense would dictate that a debt collector could also seek an enforcement action in the judicial district in which the judgment on the debt was entered, given that the purpose of § 1692i is to prevent collection action in distant venues that have no connection to the debtor. However, I am bound by the plain language of the FDCPA that expressly limits venue to districts in which the consumer

---

[2] In its Reply, ECF No. 10, Defendant asks the Court to summarily grant its Motion to Dismiss on the basis that Plaintiff did not file a timely Response by the deadline of August 2, 2019. The record reflects, however, that Plaintiff filed his Response on August 2, 2019, ECF No. 9, twelve days before Defendant filed its Reply. Accordingly, the Court declines to summarily grant Defendant's Motion. Defendant's Reply does not address the substance of Plaintiff's arguments.

Page 3 –OPINION & ORDER

resides or signed the contract sued upon." *Id.* at *3 n.2 (internal quotation marks and citation omitted). Following *Fox*, this Court concluded that the issuance of a writ of garnishment was a legal action on a debt within the meaning of § 1692i and the creditor was obliged to initiate the action in either the debtor's home county of Yamhill, or in the county where the underlying loan agreement was signed. *Id.* at 3. The Court finds no cause in the present case to diverge from its conclusion in *Flores*.

Consistent with *Fox* and *Flores*, the Court concludes the issuance of a writ of garnishment is an action on a debt against a consumer and creditors are obliged to comply with the venue requirements of § 1692i. In the present case, there is no dispute that there is no underlying loan agreement and that Plaintiff did not reside in Kansas at the time the writ of garnishment was sought. The Court therefore concludes that Plaintiff has stated a claim under the FDCPA and Defendant's Motion to Dismiss is DENIED.

## CONCLUSION

For the reasons set forth above, Defendant's Motion to Dismiss, ECF No. 6, is DENIED.

It is so ORDERED and DATED this  25th  day of October, 2019.

ANN AIKEN
United States District Judge